Zhang v. Garland

BIA
Conroy, IJ
A206 569 641

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-two.

PRESENT:
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
WILLIAM J. NARDINI,
        *Circuit Judges.*

_____

YUJIE ZHANG,
        *Petitioner*,

v.                                                    **19-4108**
                                                      **NAC**
MERRICK B. GARLAND
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____

FOR PETITIONER:          Stephen M. De Luca, Esq., Jersey City, NJ.

FOR RESPONDENT:          Jeffery B. Clark, Acting Assistant Attorney General; Jonathan

---

[1] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Robbins, Senior Litigation Counsel; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yujie Zhang, a native and citizen of the People's Republic of China, seeks review of a November 12, 2019, decision of the BIA affirming a March 16, 2018, decision of an Immigration Judge ("IJ"). *In re Yujie Zhang,* No. A 206 569 641 (B.I.A. Nov. 12, 2019), *aff'g* No. A 206 569 641 (Immig. Ct. N.Y. City Mar. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under the substantial evidence standard and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer. . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on Zhang's inconsistent statements regarding the location of her arrest.  In her written statement, Zhang stated that she planned to hide at

3

her sister's house when her pregnancy became "more obvious" but then stated that family planning officials came to her own home, arrested her, took her to a hospital, and forced her to have an abortion. Zhang later testified that she was arrested at her sister's home where she was in hiding. The IJ was not required to credit Zhang's explanation that she called wherever she was living her home. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The agency also reasonably relied on Zhang's omission from her written statement of the symptoms she suffered after the forced abortion given her testimony regarding the severity of the pain. *See Hong Fei Gao*, 891 F.3d at 78–79 ("probative value of the omission of certain facts" turns on "whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances").

Because this inconsistency and omission call Zhang's

4

credibility into question, the agency did not err in finding that the lack of reliable corroboration further undermined Zhang's credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). A letter from Zhang's U.S. doctor did not mention her infection, pain, or irregular periods. Zhang did not provide letters from her parents or boyfriend. And her sister's letter was consistent with her testimony, but inconsistent with her written statement and from an author not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse).

In sum, the inconsistency, omission, and lack of reliable corroboration are substantial evidence for the credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia*

5

*Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court